On Rehearing

Upon consideration of appellant’s motion for rehearing, the opinion dated April 14, 1999, page three, is amended by deleting “The Richard Murphy Estate” and substituting “the Dennis Murphy Estate.” [Editor’s note: Amendment incorporated for publication purposes.]
We have carefully considered the appellant’s arguments in the motion for rehearing but are not persuaded thereby. With the exception of the correction of the typographical error, the motion for rehearing is denied.
The appellee’s motion to strike and for sanctions is denied without prejudice to refile in the trial court.
By motion for clarification appellant asks this court to clarify whether appellant may now decline to consent to a re-listing of the office building for sale. In an abundance of caution we grant clarification by reiterating what we think is already clear in the trial court’s order and this court’s opinion. The trial court has vested Edward P. Swan with sole authority to sell the office building, including Mr. Brake’s undivided one-half interest. We have affirmed the trial court’s order for the reasons stated in our opinion dated April 14, 1999. Mr. Brake’s consent is not required for the listing or the sale, and Mr. Brake’s lack of consent is immaterial. Mr Brake’s attention is invited to page seven, paragraphs eight and nine, of the trial court’s July 20,1998 order, which state:
8. That Robert M. Brake is forthwith directed not to impede, obstruct or otherwise interfere with the duties of Mr. Swan as prescribed herein or to otherwise impede, interefere or obstruct the sale of the property.
9. Failure to comply with this Order and the previous Orders of this Court regarding the sale of the real property will result in further sanctions to include a period of incarceration.